## SHEPHERD *vs.* REESE.

[PROMISSORY NOTE—CONFEDERATE STATES.]

1. *Status of Confederate and State governments in* 1862.—On the 8th day of April, 1862, the governments of the Confedrate States, and of the State of Alabama, were *de facto* governments.
2. *Promissory note—war contract.*—The collection of a note given for the purchase-money of a horse, which was purchased for, and used in the service of the Confederate States, in the war between the Confederate States and the United States, cannot now be enforced in the courts of this State.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by appellee against the appellants ; was commenced on the 9th March, 1866, and was founded on a promissory note made by the appellants, a copy of which is as follows : "One day after date, we or either of us, promise to pay H. A. Shepherd, or bearer, the sum of $175, for a horse to go in captain Smith's mounted company, the horse to be paid for as he draws his money. April 8th, 1862." As the bill of exceptions states, "the defendant proved the horse was purchased for, and used in the service of the Confederate States, in the war between the United States and the Confederate States." The court below charged the jury, that the plaintiff could not recover ; to which charge the plaintiff excepted, and appealed to this court, and assigned the charge as error.

E. G. RICHARDS and WM. H. BARNES, for appellant.

JUDGE, J.—At the time the contract which is the foundation of the present action, was entered into, the Confederate States and the State of Alabama were *de facto* governments. The contract stands, therefore, as one executed in a foreign government ; and testing its legality by

21

the *lex loci contractus*, it must be pronounced to have been a valid contract at the time and place it was made.—*Scheible v. Bacho*, decided at the present term. But can it be enforced in a court acting under the authority and constitution of the United States? We understand the law to be well settled, that it cannot be, if it is opposed to the national policy or national institution.—Story's Con. of Laws, § 244; see, also, *Scheible v. Bacho, supra.* And we think it very clearly appears that such was the character of the contract before us; for its *purpose*, and *direct* and *immediate effect*, was to aid in a contest then pending for dismemberment of the Union.

This whole question was fully discussed in *Scheible v. Bacho, supra*, to which case and the authorities therein cited, we refer.

Judgment affirmed.